Receipt # Det 019859

(30)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HENRY SAAD and RONNIE HAGEL et al,

                Plaintiffs,

v.

ALEXANDER J. AJEMIAN Case No. 0180514-1
CHERYL SWAIN Case No. 0180514-2
PATRICK D. QUINLAN Case No. 0180514- 5
LEE P. WELLS Case No. 0180514-6

                Defendants.

Case:2:10-mc-50598
Judge: Cox, Sean F
MJ: Whalen, R. Steven
Filed: 05-25-2010 At 03:00 PM
MC: HENRY SAAD, ET AL V. ALEXANDER
AJEMIAN, ET AL (KB)

_____/

## MOTION TO ORDER THE DISTRICT COURT CLERK TO TRANSFER

## RESTITUTION PAYMENTS TO VICTIMS

NOW COMES 106 individual victims, by and through their attorneys, Larry G. Mason, P.C., and Jerome G. Quinn, and hereby move this Honorable Court to transfer funds paid by four criminal defendants, Alexander Ajemian Case No. 0180514-1, Cheryl Swain Case No. 0180514-2, Patrick D. Quinlan Case No. 0180514-5, and Lee Wells Case No. 0180514-6, to these 106 victims of their crimes, and state onto the court as follows:

1. That the moving parties are a partial class of 3,395 investors that were defendants' victims.

2. That the moving parties obtained default judgments in civil actions against the criminal defendants. See Exhibit A and B.

3. That the total restitution ordered by this court against defendants, jointly and severally, was an amount of $65,687,000 to be paid to the District Court Clerk and then transferred to the defendants' victims. See Exhibit C.

4.  That the moving parties believe the Clerk of the court has recovered approximately $100,000 in restitution.

5.  That the moving parties ask this court to order the Clerk to issue a check payable to the trust account of Larry G. Mason, P.C. from where it will be distributed equally to the 106 moving parties after deduction of expenses and a contingency fee.

WHEREFORE, the moving parties ask this Court to grant the distribution as prayed for above.

BY: _____

Larry G. Mason, P.C.
1530 Rochester Rd.
Royal Oak, MI 48067
(248) 547-5310
lgmasonpc@sbcglobal.net
P17183

Dated: May 21, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HENRY SAAD and RONNIE HAGEL et al,

               Plaintiffs,

v.

ALEXANDER J. AJEMIAN Case No. 0180514-1
CHERYL SWAIN Case No. 0180514-2
PATRICK D. QUINLAN Case No. 0180514- 5
LEE P. WELLS Case No. 0180514-6

               Defendants.

Case:2:10-mc-50598
Judge: Cox, Sean F
MJ: Whalen, R. Steven
Filed: 05-25-2010 At 03:00 PM
MC: HENRY SAAD, ET AL V. ALEXANDER
AJEMIAN, ET AL (KB)

_____/

## BRIEF IN SUPPORT OF MOTION TO ORDER THE DISTRICT COURT CLERK TO TRANSFER RESTITUTION PAYMENTS TO VICTIMS

### BACKGROUND FOR MOTION

Defendants used their position as officers and directors of MCA Financial Corporation to defraud 3,395 individual investors. The moving parties are 106 of those investors defrauded. Before the default judgments (Exhibits A and B) were obtained for the 106 moving parties mailings were made to all the 3,395 investors to join as party plaintiffs. See Exhibit D. Only the 106 investors agreed to be represented though a class was eventually certified for a settlement against a separate defendant, Sterling Bank & Trust, where each investor received approximately 9.5% of their investment in settlement.

### ARGUMENT FOR PRIORITY

The 106 investors who bring this motion ask this Court to exercise its authority and "fashion a reasonable procedure to give effect" to the rights crime victims have for full and timely restitution. 18 U.S.C. §3771(a)(6) and §3771(d)(2). In discussions with Jackie Hotz of the US Attorney's Office approximately $100,000 has been paid to the clerk in restitution. This

amount falls well short of reimbursing the total individual losses of $89,000,000 or of reimbursing the amounts of the default judgments for the moving parties. Nonetheless, distribution should be ordered to accomplish what it can and fairness would argue that the first to be reimbursed should be those investors who actively pursued their rights with judgments. Moreover, distribution to these judgment creditors would have the greatest practical impact. $100,000 divided by nearly 3,400 equals about $30. $100,000 divided by 106 equals about $940 with the added benefit to the process that the cost of distribution would belong to the moving parties if the amount distributed is paid to the trust account of the attorney for the moving parties.

It also should be brought to the Court's attention that there were a number of defrauded corporate creditors who participated and benefited in the bankruptcy of the MCA Companies. In a final decree closing the bankruptcy estate the corporate creditors abandoned their claims for restitution. B. 10 of Motion for Final Decree, Exhibit E.

WHEREFORE, the moving parties ask this Court to grant the distribution as prayed for above.

BY: _____

Larry G. Mason
1520 Rochester Rd.
Royal Oak, MI 48067
(248) 547-5310
lgmasonpc@sbcglobal.net
P17183

Dated: May 21, 2010

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HENRY SAAD and RONNIE HAGEL et al,

        Plaintiffs,

                    HONORABLE:

v.

ALEXANDER J. AJEMIAN Case No. 0180514-1
CHERYL SWAIN Case No. 0180514-2
PATRICK D. QUINLAN Case No. 0180514- 5
LEE P. WELLS Case No. 0180514-6

        Defendants.

## **PROOF OF SERVICE**

      I hereby certify that on May 21, 2010, I served the attached Motion and Brief in Support

to Order the District Court Clerk to Transfer Restitution Payments to the Victims and this Proof

of Service by US Mail postage fully paid to the attorneys and individual defendants at their last

known addresses noted below and with the Clerk of the Court:

Jackie Hotz, Esq.
Financial Litigation Department
US District Attorneys Office
211 W. Fort St.
Detroit, MI 48226

Lee P. Wells
10 Oxford Rd.
Grosse Pointe Shores, MI 48236

Patrick Quinlan Sr, 30585-039
FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507

Cheryl Swain
30 Whetstone Court
Springboro, OH 45066
Alexander Ajemian
3038 White Oak Bch
Highland, MI 48356

BY: _____
        Larry G. Mason, P.C.
        1530 Rochester Rd.
        Royal Oak, MI 48067
        (248) 547-5310
        lgmasonpc@sbcglobal.net
        P17183

Dated: May 21, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Case:2:10-mc-50598
Judge: Cox, Sean F
MJ: Whalen, R. Steven
Filed: 05-25-2010 At 03:00 PM
MC: HENRY SAAD, ET AL V. ALEXANDER
AJEMIAN, ET AL (KB)

## INDEX OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| A | Default Judgment – Saad Case |
| B | Default Judgment – Hagel Case |
| C | Order for Restitution, excerpt pages 6 & 8 |
| D | Correspondence to MCA Investors |
| E | Final Decree Closing Case & Motion for Final Decree Closing Case |



STATE OF MICHIGAN
CIRCUIT COURT FOR THE COUNTY OF WAYNE

HENRY SAAD, et al,

      Plaintiffs,

vs.

STERLING BANK AND TRUST, FSB, et al

      Defendants.

_____/

CASE NO. 02-225484-CK
HON. LOUIS F. SIMMONS

02-225484 CK  7/24/2002
JDG:LOUIS F SIMMONS JR
SAAD HENRY
VS          |||| ||| || ||| ||| || ||| || |||
STERLING BANK AND TRUST FSB

## DEFAULT JUDGMENT

At a session of said Court, held in the
Wayne County Circuit Court, City of Detroit,
State of Michigan on: _____   DEC 0 4 2003

PRESENT: HONORABLE _____   JUDGE LOUIS F. SIMMONS, JR.
                              CIRCUIT COURT JUDGE

     The Defaults of Alexander Ajemian, Cheryl Swain, Lee. P. Wells and Patrick D. Quinlan in the above captioned action, for failure to plead or otherwise defend having been entered, and no proceedings having been taken by the defendants since the entry, and upon proof in open court that plaintiffs are entitled to recover damages in the sum of NINE MILLION NINE HUNDRED THIRTY SEVEN THOUSAND SEVEN HUNDRED EIGHTY ($9,937,780) DOLLARS, and as appearing that the defendants are not infants or incompetent persons, and are not in the military service of the United States, and the Court being otherwise fully advised in the premises;

     IT IS ORDERED AND ADJUDGED that the plaintiffs recover of defendants Alexander Ajemian, Cheryl Swain, Lee. P. Wells and Patrick D. Quinlan jointly and

severally the sum of NINE MILLION NINE HUNDRED THIRTY SEVEN THOUSAND SEVEN HUNDRED EIGHTY ($9,937,780) DOLLARS.

**JUDGE LOUIS F. SIMMONS, JR.**

_____

CIRCUIT COURT JUDGE





04-403952 CZ   2/11/2004
JDGMT-DEFAULT-SIMMONS JR
HAGEL RONNIE
vs
AJEMIAN ALEXANDER J

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RONNIE HAGEL, KENNETH HUNTER,
JUDY and ROBERT WILSON, FELIPE LOZANO, JR.,
PATRICIA MOODY, DR. JOHN NATSIS,
MARK BOROVICH, DR. ROBERT ROONEY,
DAVID BEANE, RENEE REUTER-CITRON, and
LEWIS UNDERHILL, III, individually
and on Behalf of All Persons Similarly Situated,

        Plaintiffs,                            CASE NO. 04- 403952-CZ
                                           HONORABLE LOUIS F. SIMMONS, JR

v.

ALEXANDER J. AJEMIAN, PATRICK D.
QUINLAN, LEE P. WELLS, KEITH D. PIETILA,
JOHN P. O'LEARY, KEVIN LASKY and CHERYL SWAIN
Jointly and Severally,

        Defendants.                                           /

### DEFAULT JUDGMENT

    At a session of said Court, held in the
Wayne County Circuit Court, City of Detroit,
State of Michigan on: _____ JUL 2 3 2004

PRESENT: HONORABLE _____
                            CIRCUIT COURT JUDGE

    The Defaults of Alexander Ajemian, Lee. P. Wells and Patrick D. Quinlan in the above captioned action, for failure to plead or otherwise defend having been entered, and no proceedings having been taken by the defendants since the entry, and upon proof in open court that plaintiffs are entitled to recover damages in the sum of THREE MILLION THIRTY THOUSAND FIVE HUNDRED TWENTY FOUR ($3,030,524.00) DOLLARS, and as

appearing that the defendants are not infants or incompetent persons, and are not in the military service of the United States, and the Court being otherwise fully advised in the premises;

IT IS ORDERED AND ADJUDGED that the plaintiffs recover of defendants Alexander Ajemian, Lee. P. Wells and Patrick D. Quinlan jointly and severally the sum of THREE MILLION THIRTY THOUSAND FIVE HUNDRED TWENTY FOUR ($3,030,524.00) DOLLARS.

*THIS IS A FINAL ORDER THAT COMPLETELY CLOSES THE CASE.*

_____

CIRCUIT COURT JUDGE



BY _____

DEPUTY CLERK



O 245B  [Rev. 12/03] Judgment in a Criminal Case
   Sheet 5A - Criminal Monetary Penalties

Judgment-Page 6 of 8

DEFENDANT: CHERYL SWAIN
CASE NUMBER: 01CR80514-2

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

THE DEFENDANT SHALL MAKE RESTITUTION JOINT AND SEVERAL WITH HER CO-DEFENDANTS. PAYMENT
IS DUE FORTHWITH AND SHOULD BE MADE PAYABLE TO THE CLERK OF THE COURT FOR TRANSFER TO THE
VICTIMS

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 6A - Schedule of Payments

Judgment-Page 8 of 8

DEFENDANT: CHERYL SWAIN
CASE NUMBER: 01CR80514-2

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 01-80514-01 ALEXANDER AJEMIAN | 65687000.00 | 65687000.00 | TO CLERK OF THE COURT FOR DISTRIBUTION |
| 01-80514-03 KEITH D. PIETILA | 65687000.00 | 65687000.00 | TO CLERK OF THE COURT FOR DISTRIBUTION |
| 01-80514-04 KEVIN LASKY | 65687000.00 | 65687000.00 | TO CLERK OF THE COURT FOR DISTRIBUTION |
| 01-80514-05 PATRICK D. QUINLAN, SR. | 65687000.00 | 65687000.00 | TO CLERK OF THE COURT FOR DISTRIBUTION |
| 01-80514-06 LEE P. WELLS | 65687000.00 | 65687000.00 | TO CLERK OF THE COURT FOR DISTRIBUTION |
| 01-80514-07 JOHN P. O'LEARY | 65687000.00 | 65687000.00 | TO CLERK OF THE COURT FOR DISTRIBUTION |



# Larry G. Mason, P.C.

### Attorney at Law
1530 Rochester Road
Royal Oak, Michigan 48067

Telephone
(248) 547-5310

Facsimile
(248) 545-8312

April 22, 2002

RE:   Mortgage Corporation of America
        Investors in Pools 96-132 (Excluding 116 +120)

Dear MCA Investor:

As you are aware, you have lost a significant amount of money because of the unlawful conduct of Mortgage Corporation of America and other parties.  **You may have an opportunity to recover some of your investment.**  Sterling Bank and Trust acted as trustee for the investors in Pool Certificates sold by Mortgage Corporation of America (MCA) beginning in 1995.  It was responsible for overseeing the actions of MCA regarding the pool in which you invested.   Sterling Bank and Trust is healthy financially and also has a significant amount of insurance that could apply to part of your loss.

This letter is to inform you about your remaining rights to recover on the investment you made in Mortgage Corporation of America Pool Pass Through Certificates.  As you are aware, there has been a lot of news media coverage about the MCA fraud.  You also know that MCA filed

MCA Investor
April 22, 2002
Page 2

bankruptcy and a liquidation plan was approved by the bankruptcy court in late 2000.

If you invested in pools 96 through 132, (excluding pools 116 and 120), your investments were clearly protected by the trust agreement MCA had with Sterling Bank and Trust. Under the Trust agreement, Sterling Bank had a legal obligation to make certain the real estate property used to support the pool investments was sound collateral. As you know much of the real estate collateral was unsound and couldn't support the investment.

The law firms of Jerome G. Quinn, P.C. and Larry Mason, P.C. have developed evidence that Sterling Bank and Trust did not perform its duty to you, the investor. There is evidence that Sterling Bank and Trust's officers knew that MCA was not providing the required paper work to verify that the pool's collateral was sound. Under the trust agreement, Sterling Bank had a duty to act to protect you when it obtained information that MCA was not verifying the soundness of the collateral that was to support your investment.

*MCA Investor*
*April 22, 2002*
*Page 3*

_____

We have filed lawsuits on behalf of several purchasers of Pool Pass Through Certificates. We are seeking class certification.  However, the court has not yet granted certification as a class at this time.  **You do have a right to sue Sterling Bank and Trust as an individual or as part of a group**. We would be glad to discuss this with you.  There would be no fee for the initial consultation.  If you retained us, you would owe no legal fees unless we are successful.

### NOT ACTING CAN SERIOUSLY AFFECT WHAT YOU RECOVER.

As you may recall, the Bankruptcy Court's liquidation plan was submitted to the investors for a vote of approval.  It was approved.  The plan's promotional material quite clearly stated that you were not giving up the right to bring a lawsuit against any other parties who may have a legal responsibility for your losses.  Sterling Bank and Trust is such a party.  The trustee for The Pool Liquidation Trust is now claiming that you have given up that right.  **We vigorously contest her claim.  We believe that right is yours individually.**

The Trustee is suing Sterling Bank.  She proposes to take what is recovered from Sterling Bank and divide it between all of the pools (i.e. Pools 28 through 140).  **That will result in significantly less for holders of Pools 96 through 132**.

The Pools do have some real estate assets.  However, their value is speculative and dubious.  Your rights under the trust agreement between MCA and Sterling Bank are clear.  The rights of pool holders 96 and below to recover against Sterling Bank and Trust are not clear.

If you want more information on pursuing your rights against Sterling Bank and Trust to recover your investment, please return the enclosed form by mail or fax to Larry G. Mason at 1530 Rochester Road, Royal Oak, MI 48067, Facsimile No. (248) 545 8312, or call Jerome G. Quinn, Sr., or Jerome G. Quinn, Jr., at (800) 559-1890.  **Be certain to tell the receptionist that your call is regarding MCA**.  For your convenience, we have included a self-addressed and pre-stamped envelope.  **Because of the large number of people involved, it would be greatly appreciated if**

*MCA Investor*
*April 22, 2002*
*Page 5*

_____

**you use a fax or the mail.     Thank you for your interest and**

**cooperation.**


Very truly yours,


Larry G. Mason

LM/mt

*MCA Investor*
*April 22, 2002*
*Page 6*

---

## <u>INFORMATION REQUEST FORM</u>

If you would like more information regarding your rights to pursue Sterling Bank and Trust, please complete this form and return it in the envelope provided. Thank you.

Name:_____

Address:_____

_____

_____

Invested in
Pool(s) No.:_____

Daytime
Phone No.:_____

Evening
Phone No.:_____

Best time to call: _____



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| MCA FINANCIAL CORP., | Case No. 99-42172 |
| MCA MORTGAGE CORPORATION, | Case No. 99-42181 |
| MORTGAGE CORPORATION OF AMERICA, INC., | Case No. 99-42183 |
| RIMCO FINANCIAL CORP., | Case No. 99-42184 |
| RIMCO MANAGEMENT COMPANY, | Case No. 99-42185 |
| RIMCO BUILDING COMPANY, | Case No. 99-42186 |
| RIMCO DEVELOPMENT COMPANY, | Case No. 99-42187 |
| REAL ESTATE SOLUTIONS GROUP, | Case No. 99-42188 |
| RIMCO REALTY AND MORTGAGE, | Case No. 99-42189 |
| MORTGAGE CORPORATION OF AMERICA, | Case No. 99-42190 |
| WAREHOUSE LENDERS, INC., and | Case No. 99-42191 |
| PROPERTY CORPORATION OF AMERICA, | Case No. 99-42192 |

Consolidated Debtors.

Chapter 11
Hon. Steven W. Rhodes
Jointly Administered

_____/

## FINAL DECREE CLOSING CASES

Upon consideration of the Motion for Final Decree Closing Cases ("Motion")[1]; the Court

having reviewed the Motion and no objections having been filed to the Motion; the relief

requested in the Motion being just and reasonable and in the best interests of the Debtors'

estates; and the Court being fully advised,

IT IS HEREBY ORDERED  that the Motion is approved; and

IT IS FURTHER ORDERED that Agent may distribute, abandon or destroy remaining

Estate property and execute any documents necessary to effectuate such distribution,

abandonment or destruction without further order of this Court; and

---

[1] All capitalized terms used but not defined in this Order shall have the meaning described in the Motion.

IT US FURTHER ORDERED that Agent may settle any matters, including but not limited to the HP Matter, for any amount Agent believes reasonable without further order of this Court; and

IT IS FURTHER ORDERED that the proposed Notice attached as Exhibit B to the Motion is approved for delivery to unsecured creditors receiving a distribution; and

IT IS FURTHER ORDERED that Debtors' Files may be destroyed; and

IT IS FURTHER ORDERED that Agent may make administrative expense payments and undertake administrative actions necessary to carryout his remaining responsibilities without further order of this Court; and

IT IS FURTHER ORDERED that Agent is discharged from all responsibilities under the Plan or otherwise upon making the Final Distribution; and

IT IS FURTHER ORDERED that above captioned cases are closed.

**Signed on December 23, 2008**

                                             **/s/ Steven Rhodes**

                                             **Steven Rhodes**

I.        **Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| MCA FINANCIAL CORP., | Case No. 99-42172 |
| MCA MORTGAGE CORPORATION, | Case No. 99-42181 |
| MORTGAGE CORPORATION OF AMERICA, INC., | Case No. 99-42183 |
| RIMCO FINANCIAL CORP., | Case No. 99-42184 |
| RIMCO MANAGEMENT COMPANY, | Case No. 99-42185 |
| RIMCO BUILDING COMPANY, | Case No. 99-42186 |
| RIMCO DEVELOPMENT COMPANY, | Case No. 99-42187 |
| REAL ESTATE SOLUTIONS GROUP, | Case No. 99-42188 |
| RIMCO REALTY AND MORTGAGE, | Case No. 99-42189 |
| MORTGAGE CORPORATION OF AMERICA, | Case No. 99-42190 |
| WAREHOUSE LENDERS, INC., and | Case No. 99-42191 |
| PROPERTY CORPORATION OF AMERICA, | Case No. 99-42192 |

Consolidated Debtors.

Chapter 11
Hon. Steven W. Rhodes
Jointly Administered

_____/

## MOTION FOR FINAL DECREE CLOSING CASES

Stuart A. Gold, as Liquidating Agent ("Agent") for the above captioned debtors ("Debtors"), moves for a Final Decree Closing Cases ("Motion").[1]

1.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.    On January 28, 1999, the Commissioner of the Financial Institutions Bureau of the State of Michigan Department of Consumer and Industry Services ordered the appointment of B.N. Bahadur as conservator of the Debtors.

3.    On February 10, 1999, each of the Debtors filed its respective voluntary petition

---

[1] All capitalized terms used but not defined in this Motion shall have the meaning described in Debtors' Second Amended Plan of Reorganization, as amended.

for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101- 1330 (as amended, the "Bankruptcy Code"), commencing the above-captioned chapter 11 cases ("Bankruptcy Cases").

4.    On August 21, 2000, the Court entered an Order Confirming and Modifying Debtors' Second Amended Plan of Reorganization ("Plan").   Under the Plan, Agent was appointed as the liquidating and disbursing agent of Debtors' consolidated estates (collectively, "Estate") as of September 5, 2000, the effective date of the Plan.

## A. DISTRIBUTIONS

5.    Agent liquidated the Estate to the extent possible resulting in current net proceeds of approximately $2,000,000 available for distribution to unsecured creditors.

6.    Agent reconciled and objected to claims where appropriate.   Approximately $86,000,000 of claims were removed from the claims pool on various grounds.   Allowed unsecured claims total approximately $258,000,000. Agent anticipates a distribution of approximately $.007, with certain reductions to the Bank Group and Sterling Bank and Trust ("Sterling") distributions in accordance with the Plan, which provides that the "Bank Group and Sterling waives the right to distribution in the first $500,000 of proceeds to be distributed" to general unsecured creditors.  Plan  § 10.2(c)(v).

7.    Under section 7.7 of the Plan, "[n]o payment of cash less than ten dollars shall be made by the Agent to any holder of a Claim.  Such amount shall be redistributed in accordance with the Plan."  Section 7.6(a) provides that "[i]f any distribution to any holder is returned to the Agent as undeliverable, no further distributions shall be made (but shall be reserved) to such holder unless and until the Agent is notified in writing, of such holder's then-current address." Section 7.6(b) further provides that:

- 2 -

"[a]ny holder of an Allowed Claim whose distribution is not deliverable on any distribution date and who does not assert its rights under the Plan to receive a distribution by that date that is 90 (ninety) days prior to the final distribution date under the Plan as determined by Agent in his discretion, shall have its Claim for such undeliverable distribution discharged and shall be forever barred from asserting any Claim against the Liquidating Trust or its property. In such case, Agent shall distribute the undeliverable distribution in accordance with the Plan as if such Claim were a Disallowed Claim."

8.    Accordingly, Agent intends to make an initial distribution to Debtors' general unsecured creditors entitled to a distribution of $10.00 or more. Agent intends to accompany such distribution with a Notice of Distribution, the form of which is attached as Exhibit B. Approximately one hundred twenty (120) days after the initial distribution, Agent will make a final distribution ("Final Distribution"), redistributing all distributions that were undeliverable or not negotiated to creditors (a) who negotiated their initial distribution check and (b) whose pro rata portion of such redistributed funds is greater than $10.00. Agent will reserve $200,000 ("Reserve") from the Final Distribution for payment of all final expenses, including attorney's fees and the destruction of Files (as defined below).

9.    Section 7.6(a) of the Plan states that Agent is not required to attempt to locate any holder of an Allowed Claim. In accordance with sections 7.6(a) and 7.8 of the Plan, all distributions will be distributed by mail to the latest mailing address filed for the holder of the Allowed Claim or the mailing address reflected on Debtors' Schedules.

## B. ABANDONMENT

10.    The Estate is currently receiving restitution payments from a criminal action. Agent has attempted to settle the restitution claim for a cash payment but the U. S. Attorney objected. The U.S. Attorney informed Agent that it would also object to a sale of the restitution claim or an assignment to any entity other than the National Crime Victim's Fund. Accordingly, in the interest of closing the Bankruptcy Cases, Agent seeks approval to abandon the restitution

- 3 -

claim to the National Crime Victim's Fund and to execute any documents necessary to effectuate such abandonment.

## C. SETTLEMENT OF FINAL MATTERS

11.     The Estate is currently involved in settlement discussions with the City of Highland Park with regard to Adv. Pro. No. 08-04544 ("HP Matter"). The City of Highland Park denies any liability in the HP Matter. Agent requests authority to settle the HP Matter in accordance with the letter agreement attached as Exhibit C, without further authority from this Court in the interest of avoiding protracted litigation for potentially no benefit to the Estate.

12.     Agent knows of no outstanding matters other than those mentioned in this Motion but requests authority to settle any matters that arise with regard to the Estate without further authority from this Court.

## D. DISPOSAL OF RECORDS

13.     Agent possesses a number of Debtors' historical files including its books, records and electronic media ("Files"). The great majority of the Files have not been utilized in at least two years and no longer provide any benefit to the administration of the Estate. Agent believes there is no reason to retain the Files. Accordingly Agent seeks authority to destroy all of Debtors' remaining Files.

## E. DISCHARGE OF AGENT

14.     Section 6.6 of the Plan provides that the "Agent's duties shall continue until he has made a final abandonment or distribution of all of the assets allocated to the General Liquidating Trust." Agent requests that he be discharged from all responsibilities and duties under the Plan or otherwise upon making the Final Distribution.

- 4 -

## Relief Requested

Agent requests that the Court enter a final decree closing the Bankruptcy Cases and approving the proposed actions set forth above. A proposed order is attached as Exhibit A.

BODMAN LLP

November 25, 2008

By:___/s/ Jaimee L. Witten_____
     Ralph E. McDowell (P39235)
     Jaimee L. Witten (P70068)
     6th Floor at Ford Field
     1901 St. Antoine Street
     Detroit, Michigan 48226

*Attorneys for Stuart A. Gold, Liquidating Agent*

- 5 -

Detroit_871738_6